FILED

2017 JUN -9 PM 3:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GAIL CURIONE AND
THOMAS N. CURIONE,

    Plaintiff,

CASE NO.: 6:17-cv-1062-ORL-31TBS

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

_____/

## DEFENDANT-STATE FARM'S NOTICE OF REMOVAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §§ 1332 and 1446, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1. On March 31, 2017, Plaintiffs, GAIL CURIONE ("G. Curione") and THOMAS CURIONE ("T. Curione"), filed an action for damages in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2017-CA-002869-O.

2. G. Curione alleges that, on February 19, 2016, she was pushing a shopping cart in the parking lot of Home Depot located at 6130 East Colonial Drive in Orlando, Orange County, Florida. She further alleges that a vehicle

owned and operated by Fred Spencer ("Spencer") collided with the shopping cart causing her to fall to the ground and suffer injuries.

3. Spencer carried $25,000 per person liability limits and his insurance carrier tendered that sum to the Curiones.

4. The Curiones assert that that they are entitled to recover against State Farm, an Illinois company that provided Uninsured/Underinsured coverage. The action constitutes a direct action against State Farm and is thus subject to removal.

5. Written notice of the filing of this Notice of Removal, has been given to the Curiones through their attorney of record, **JOEL J. FRICK, ESQ.**, 5626 Curry Ford Road, Ste. 100, Orlando, FL 32822 (pleadings@hoganfrick.com), on June 9, 2017.

6. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

7. With this Notice of Removal, State Farm is filing true and correct copies of all pleadings served and filed in the above-captioned state action. (Composite Exhibit "A")

8. This Notice of Removal is filed by State Farm within thirty (30) days of the Curiones effecting service of process upon State Farm's Florida Resident Agent. On March 31, 2017, the Curiones' Complaint was filed in the Ninth Judicial Circuit, in and for Orange County, Florida. On May

11, 2017, the Curiones' Complaint was served upon State Farm Florida Registered Agent. On May 31, 2017, State Farm filed its Answer to the Complaint in the Circuit State Court[1].

9. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *28 U.S.C. §1332.*

10. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and is an Illinois corporation and existing under the laws of the State of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois,

---

[1] As noted in *Somoano v. Ryder Systems, Inc.* "[t]he Federal Rules of Civil Procedure contemplate the filing of a responsive pleading prior to the removal of a case." 985 F.Supp. 1476, 1478 (S.D.Fla.1998) (noting that Fed. R.Civ.P.81(c) makes re-pleading unnecessary in removed actions). Florida requires a state court defendant to file responsive pleadings within 20 days after receipt of the complaint. Fla.R.Civ.P. 1.140(a)(1). Concurrently, a state court defendant has 30 days to seek removal of a state court action. 28 U.S.C. § 1446(b). This discrepancy in the time periods places a state court defendant in a quandary of either (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing. *Somoano*, 985 F.Supp. at 1478. This quandary should not be used to forestall a state court defendant who chooses to pursue the second option from swiftly seeking to remove his case to the federal court. Therefore "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

authorized to conduct business in the State of Florida. <u>See Exhibit "B,"</u> printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida.

11. The Curiones are residents and citizen of the State of Florida.

12. As a result of the Curiones being citizens of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

13. There are no other parties, Defendants, or otherwise in this action.

14. The Curiones Complaint filed in state court and first served on State Farm on May 11, 2017, alleges damages in excess of $15,000.00. The Curiones Complaint further alleges that the Curiones provided State Farm with timely notice of the automobile accident and proof of his claim for damages, and otherwise performed all conditions precedent to be entitled to recovery under the policy.

15. Additionally, G. Curione, through her counsel, filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Financial Services claiming that State Farm failed to negotiate in good faith. True and correct copies of the February 17, 2017 Civil Remedy Notices is attached hereto as <u>Exhibit "C."</u>

16. The Curiones carry $250,000.00 per person in policy limits, that are non-stackable, with State Farm; therefore it can be ascertained that the case

meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a). Furthermore, the Curiones sent State Farm a demand letter, on December 19, 2016, which demanded that State farm tender $250,000 in resolution of their claims and further alleges that if State Farm fails to pay the demand, than the Curiones will no longer accept the policy limits to resolve the claims. The Demand Letter is attached hereto as Exhibit "D."

17. Florida Courts have found that evidence of total past medical bills and a demand by a Plaintiff for a settlement in an amount more than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.[2]

18. On June 6, 2017, G. Curione underwent a surgery to repair her rotator cuff that was performed by Jeffrey Dereen, M.D. G. Curione alleges that the surgery was caused by injuries sustained in the, February 19, 2016, automobile accident. In her demand letter she also identifies that she sustained bulges/herniations in her spine, as a direct cause of the accident. Her total past gross medical bills are $123,443.18, this figure does not include any future medical bills, non-economic damages, and/or wage loss

---

[2] *See Fischer v. State Farm Mut. Auto. Ins. Co.*, 2011WL573836 (S.D. Fla. Feb. 15, 2011) and *Bowen v. State Farm Mut. Auto. Ins. Co.* 2011WL1257470 (M.D. Fla. March 29, 2010).

claims[3]. It is understood that G. Curione is making a wage loss claim of ~$40,000.00.

19. In 2011, an Orange County, FL jury awarded a plaintiff, $456,800, where the plaintiff's personal injuries included injuries to head, neck, hip, and back; medical expenses; loss of earnings; loss of ability to earn money.[4]

20. In 2011, a Palm Beach County, Florida jury awarded a plaintiff, $441,199, for personal injuries, lost income, loss of future earning capacity, and medical expenses.[5]

21. These jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that the Curiones' claims could have a net verdict value (after deduction of setoffs) of $75,000 or more. Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").

---

[3] State Farm contests the causal relationship of these injuries to the accident at the issue.
[4] *See Indelicato v. Maldonado*, 2011 WL 7477181 (2011).
[5] *Saari v. Grillo*, 2011 WL 7461651 (2011).

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount."** *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).

22. Based on the foregoing, State Farm avers that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 because of diversity of citizenship and the fact that there is at least $75,000 in controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

> We begin by addressing Myers's claim that there is no diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) ("*unless the*

*cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action"); Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

WHEREFORE, State Farm respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court be effectuated.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been delivered with the Notice of Removal to the Clerk of the Federal Court of Florida, Middle District this June 9, 2017, and copy of this document has been separately sent by email, to: **JOEL J. FRICK, ESQ.**, 5626 Curry Ford Road, Ste. 100, Orlando, FL 32822 (pleadings@hoganfrick.com)

_____
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
KKNIGHT@dsklawgroup.com
ELamb@dsklawgroup.com
**JASON BRESLIN**
Fla Bar No: 58264
JBRESLIN@DSKLAWGROUP.COM
LMedina@dsklawgroup.com
SMcAlister@dsklawgroup.com
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL  32801
Direct: (407) 992-3520 Asst: (407) 992-3537
Fax No:  (407) 422-0970
Attorneys For STATE FARM

8