# Exhibit A



CSC
CORPORATION SERVICE COMPANY

null / ALL
Transmittal Number: 16625902
Date Processed: 05/11/2017

# Notice of Service of Process

**Primary Contact:** State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
2711 Centerville Rd
Wilmington, DE 19808

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Gail Curione vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Orange County Circuit Court, Florida |
| **Case/Reference No:** | 2017-CA-2869 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/11/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joel J. Frick<br>407-377-0700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

Filing # 55884282 E-Filed 05/02/2017 05:03:12 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**

GAIL CURIONE and
THOMAS N. CURIONE,

CASE NO: 2017-CA-2869

Plaintiffs,

vs.

5/1/17 1150A

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

SERVED________ DATE______ TIME_____ AM/PM

SERVER'S NAME & I.D.________

INVESTIGATIVE PROCESS SERVICE, INC.

Defendant.

**ERIC LARSON #063**
**Cert Process Server**
**2nd Judicial Circuit**

**SUMMONS/PERSONAL SERVICE OF A CORPORATION**

THE STATE OF FLORIDA:

TO EACH ~~SHERIFF OF THE STATE~~: You are hereby commanded to serve this Summons and a copy of the Complaint or Petition, in this action on the Defendant:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**By serving its registered agent**
**Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301**

WITNESS my hand and the seal of said Court on this _____ day of March, 2017.

Tiffany Moore Russell

Clerk of the Circuit Court

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

/s Elsie M. Carrasquillo, Deputy Clerk
By: 2017.05.04 10:51:13 -04'00'
Deputy Clerk

Each Defendant is required to serve written defenses to the complaint or petition on Joshua T. Frick, Esquire, Plaintiff's attorney, whose address is Law Office of Hogan Frick, P.A., 5626 Curry Ford, Orlando, Florida 32822, within twenty (20) days of this summons on that Defendant, exclusive of the day of service, and to file the original of the with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Orange County Court Administrator at (407)836-2065, within 2 working days of your receipt of this summons. If you are hearing or voice impaired, call 1-800-995-8771.

Joel J. Frick, Esq.
FBN: 0098407
Hogan Frick, Law
5626 Curry Ford Road, Ste. 100
Orlando, FL 32822
P: (407) 377-0700
F: (407) 377-0701
E-Mail: Pleadings@hoganfrick.com
*Attorneys for Plaintiff*

Filing # 54471327 E-Filed 03/31/2017 10:34:22 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

GAIL CURIONE and
THOMAS N. CURIONE,

CASE NO:

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_______________________________/

## COMPLAINT

Plaintiffs, GAIL CURIONE and THOMAS N. CURIONE, by and through the undersigned counsel, hereby sue the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and allege the following:

1. This is an action for damages that exceeds the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00).

2. All material events to the subject suit were initiated in, originated out of, or took place in Orange County, Florida.

3. At all times material hereto, GAIL CURIONE and THOMAS N. CURIONE were residing in Orange County, Florida, as husband and wife.

4. Venue is proper in Orange County, Florida.

### Factual Allegations

5. On or about February 19, 2016, Plaintiff, GAIL CURIONE, was pushing a shopping cart in the parking lot of Home Depot located at 6130 East Colonial Drive in Orlando, Orange County, Florida.

6. At that time, a the tortfeasor negligently owned and operated his motor vehicle so that it collided with Plaintiff, GAIL CURIONE's, shopping cart, causing her to fall on the ground, causing injury to Plaintiff, GAIL CURIONE.

**COUNT I – UNINSURED/UNDERINSURED MOTORIST CLAIM BY PLAINTIFF, GAIL CURIONE, AGAINST DEFENDANT**

7. Plaintiffs reallege and incorporate by reference paragraphs 1 through 6 as if fully restated herein.

8. The applicable bodily injury limits of the at-fault party is less than the total damages sustained by Plaintiff, GAIL CURIONE.

9. At all times material hereto, there was in full force and effect a policy of automobile liability insurance issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to Plaintiffs.

10. Said policy was in full force and in effect at the time of this incident.

11. Said policy provided uninsured/underinsured motorist coverage in the amount of $250,000/$500,000 and is non-stacked (a copy of the declarations sheet is attached hereto as Exhibit "A" The entire policy will be produced for the court during litigation, but was too cumbersome and lengthy to attach hereto.)

12. The Plaintiff, GAIL CURIONE, has complied with all conditions precedent to entitle her to recover uninsured/underinsured motorist benefits or in the alternative, said conditions precedent have been waived.

13. As a direct and proximate result of the foregoing negligence, Plaintiff, GAIL CURIONE, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn

money and aggravation of a previously existing condition. The injury to the Plaintiff is permanent and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff, GAIL CURIONE, demands judgment against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, and further demands trial by jury of all issues triable.

**COUNT II LOSS OF CONSORTIUM CLAIM BY PLAINTIFF, THOMAS M. CURIONE, AGAINST DEFENDANT**

14. Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 as if fully restated herein.

15. As a result of the incident referenced in Count I of this Complaint, Plaintiff, THOMAS N. CURIONE, incurred expenses of hospitalization, medical and nursing care and treatment for Plaintiff, GAIL CURIONE, and will incur the expenses in the future, and also lost the services and companionship of Plaintiff, GAIL CURIONE.

**WHEREFORE**, Plaintiff, THOMAS N. CURIONE, demands judgment against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, and further demands trial by jury of all issues triable.

Respectfully submitted this 29 day of March, 2017.

**Joel J. Frick, Esq.**
FBN: 0098407
Hogan Frick, Law
5626 Curry Ford Rd. Ste. 100
Orlando, FL 32822
T: (407) 377-0700
F: (407) 377-0701
E-Mail: pleadings@hoganfrick.com
*Counsel for Plaintiffs*

Filing # 54471327 E-Filed 03/31/2017 10:34:22 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

GAIL CURIONE and
THOMAS N. CURIONE,

CASE NO:

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_________________________________/

**PLAINTIFFS' REQUEST TO PRODUCE TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Plaintiff, GAIL CURIONE by and through their undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 5626 Curry Ford Road, Orlando, Florida 32822. Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Defendant shall serve a written response or production within forty-five (45) days after the service of this Request to Produce. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, shall produce the following items and matters:

1. Any and all recorded, transcribed or written statements in any form, or depositions, taken from the Plaintiff.

2. Any and all photographs, diagrams, movies, and videotapes, reflecting the vehicles involved in the incident.

3. Any and all photographs, drawings, maps, sketches, survey, plat, diagrams, movies, charts, videotapes, or other documentary evidence showing the scene of the subject accident.

4.      Any and all surveillance and/or investigative photographs and/or movies taken of the Plaintiff.

5.      Any and all recorded, transcribed or written statements in any form, or depositions, taken from any Defendant or any witness who has knowledge of the facts surrounding this claim.

6.      Any and all insurance policies providing coverage or benefits to Plaintiff for any injuries, damages or losses allegedly caused by the subject accident.

7.      Any and all insurance declaration pages with respect to any and all insurance policies providing coverage or benefits to Plaintiff for any injuries, damages or losses allegedly caused by the subject accident.

8.      Any and all insurance policies providing coverage or benefits to Defendant for any injuries, damages or losses allegedly caused by the subject accident.

9.      All statements made by any occupants of the vehicles involved in the subject accident.

10.     All statements made by any witnesses to the subject accident. Said statements constitute recorded recollection of the witnesses and that are necessary for the preparation of Plaintiff's case.

11.     All photographs of the scene of the subject accident showing skid marks (if any), debris, damage or other physical evidence of the collision that is the basis for this suit. In support of this request, Plaintiff would show that said skid marks, debris or other physical evidence is now removed or changed in condition and it is therefore impossible for the Plaintiff to obtain the substantial equivalent of these photographs.

12.     All photographs of Plaintiff depicting the injuries received in the subject accident.

13.     A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14.     Any statements taken from the Plaintiff in this cause, whether written or recorded.

15.     Defendants' insurance policies and excess policies to show the coverage afforded and the insured parties. This shall include, but not be limited to, each and every page of said policies and all applicable declarations pages.

16.     Copy of the police report regarding the subject accident.

17. Any and all documents, reports, or otherwise written records pertaining to any investigation relating to the alleged incident that is not privileged at law.

18. Any and all documents, reports, work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report who is or will be relied upon in whole or in part by any testifying expert in this case.

19. Any and all documents, reports, or other written records pertaining to any investigation relating to the alleged incident that is not privileged at law.

20. Any and all records and/or data from a black box, electronic logging device (ELD), electronic onboard data recorder (EODR), electronic control module (ECM), and/or any event data recorder (EDR).

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing has been furnished by service of process together with the Complaint.

Joel J. Frick, Esq.
FBN: 0098407
Hogan Frick, Law
5626 Curry Ford Rd. Ste. # 100
Orlando, FL 32822
P: (407) 377-0700
F: (407) 377-0701
E-Mail: Pleadings@hoganfrick.com
*Counsel for Plaintiff*

Filing # 54471327 E-Filed 03/31/2017 10:34:22 AM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

GAIL CURIONE and
THOMAS N. CURIONE,

CASE NO.:

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_________________________________/

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Plaintiff, GAIL CURIONE, by and through the undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.370, requests that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to admit or deny the following within forty-five (45) days from the date of service:

1. That you are the properly named Defendant in this case.
2. That service of process on you has been validly made in this case.
3. That on February 19, 2016, the Plaintiff was involved in an automobile accident.
4. That Plaintiff, was injured as a result of subject accident.
5. That Plaintiff, was permanently injured as a result of subject accident.
6. That as a result of said accident, Plaintiff has incurred medical expenses.
7. That as a result of said accident, Plaintiff will be forced to incur additional medical expenses for future treatment.

8. That an uninsured/underinsured policy with Plaintiff was in full force and in effect at the time of this accident.
9. That Plaintiff, was not comparatively negligent in subject accident.
10. That Plaintiff, lost wages as a result of subject accident.
11. That the applicable bodily injury limits of the at-fault party are less than the total damages sustained by the Plaintiff in the motor vehicle accident referenced in the Complaint.

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing has been furnished by service of process together with the Complaint.

**Joel J. Frick, Esq.**
FBN: 0098407
Hogan Frick, Law
5626 Curry Ford Rd. Ste. # 100
Orlando, FL 32822
P: (407) 377-0700
F: (407) 377-0701
E-Mail: Pleadings@hoganfrick.com
*Counsel for Plaintiff*

Filing # 54471327 E-Filed 03/31/2017 10:34:22 AM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

GAIL CURIONE and
THOMAS N. CURIONE,

CASE NO:

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_____________________________________/

**PLAINTIFF NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Plaintiff, GAIL CURIONE, Pursuant to Rule 1.340(e) of the Florida Rules of Civil Procedure, hereby files Notice of the Service of Interrogatories on Defendant, STATE FARM MUTUAL INSURANCE COMPANY, numbered I through 17, which Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is required to answer in writing and under oath within forty five (45) days of the date of service hereof.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by service of process together with the Complaint.

**/s/ Joel J. Frick**

Joel J. Frick, Esq.
FBN: 0098407
Hogan Frick, Law
5626 Curry Ford Rd. Ste. # 100
Orlando, FL 32822
P: (407) 377-0700
F: (407) 377-0701
E-mail: Pleadings@hoganfrick.com
*Counsel for Plaintiff*

**INTERROGATORIES TO DEFENDANT,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe any and all policies of insurance which you contend covers or may cover you for the allegations set forth in plaintiffs complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability and the name and address of the custodian of that policy.

3. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

4. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which you rely for each affirmative defense in your answer.

6.    Do you contend any person or entity, other than you, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about what the witness has knowledge.

8.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person how heard it and the date, time, place and substance of each statement.

9.    State the name and address of every person known to you, your agents or your attorneys who has knowledge about, or possession, custody or control of, any model, plat, map, drawing, motion picture, videotape or photograph pertaining to any fact or issue involved in this controversy; and described as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion.

11.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

12.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action and the date and court in which such suit was filed.

13.     List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint; and describe both the nature of the ownership interest or right to control the vehicle and the vehicle itself, including the make, model, year and vehicle identification number.

14.     At the time of the incident described in the complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and addresses of all persons who have such permission.

15.     At the time of the incident described in the complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

16.     Was the motor vehicle that the defendant driver was driving at the time of the incident described in the complaint damaged in the incident, and, if so, what was the cost to repair the damage?

17.     Have you or anyone acting on your behalf obtained or attempted to obtain any photographs or video surveillance of Plaintiff? If yes, please provide the date and name of the individual who obtained or attempted to obtain the photographs or surveillance.

______________________________
Representative and/or Agent of
**STATE FARM MUTUAL INSURANCE COMPANY**

STATE OF ______________________

COUNTY OF ____________________

The foregoing instrument was acknowledged before me this ___ day of ______________, 2017 by an Representative and/or Agent of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, who is personally known to me/has produced ________________________, as identification and who did/did not take an oath.

______________________________
Notary Public, State of

______________________________
Typed/printed/stamped notary name

My Commission Expires:

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA
Case No: 2017-CA-002869-O
Judge Heather L. Higbee, Div. 35
**JURY TRIAL DEMANDED**

**GAIL CURIONE** and **THOMAS N. CURIONE,**

Plaintiffs,

vs.

**STATE FARM MUTUAL AUTOMOBILE COMPANY,**

Defendant.
_______________________________________/

**DEFENDANT-STATE FARM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS-THE CURIONES' COMPLAINT**

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("STATE FARM"), files this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, **GAIL CURIONE** ("G. CURIONE") and **THOMAS N. CURIONE** ("T. CURIONE") (collectively "THE CURIONES")

1. This is an action for damages that exceeds the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00).

**RESPONSE: ADMITTED FOR JURISDICTIONAL PURPOSES ONLY, DENIED OTHERWISE[1].**

2. All material events to the subject suit were initiated in, originated out of, or took place in Orange County, Florida.

**RESPONSE: ADMITTED.**

3. At all times material hereto, GAIL CURIONE and THOMAS N. CURIONE were residing in Orange County, Florida, as husband and wife.

**RESPONSE: ADMITTED**

[1] State Farm is in the process of removing the case to federal court. As such, the proper jurisdiction will be with the Middle District of Florida based on diversity of jurisdiction.

4. Venue is proper in Orange County, Florida.

**RESPONSE: DENIED[2].**

**FACTUAL ALLEGATIONS**

5. On or about February 19, 2016, Plaintiff, GAIL CURIONE, was pushing a shopping cart in the parking lot of Home Depot located at 6130 East Colonial Drive in Orlando, Orange County, Florida.

**RESPONSE: ADMITTED.**

6. At that time, a the tortfeasor negligently owned and operated his motor vehicle so that it collided with Plaintiff, GAIL CURIONE' s, shopping cart, causing her to fall on the ground, causing injury to Plaintiff, GAIL CURIONE.

**RESPONSE: DENIED**

**COUNT I — UNINSURED/UNDERINSURED MOTORIST CLAIM BY PLAINTIFF, GAIL CURIONE, AGAINST DEFENDANT**

7. Plaintiffs reallege and incorporate by reference paragraphs 1 through 6 as if fully restated herein.

**RESPONSE: STATE FARM REALLEGES AND INCORPORATES BY REFERENCE ALL PRIOR RESPONSES.**

8. The applicable bodily injury limits of the at-fault party is less than the total damages sustained by Plaintiff, GAIL CURIONE.

**RESPONSE: DENIED.**

9. At all times material hereto, there was in full force and effect a policy of automobile liability insurance issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to Plaintiffs.

**RESPONSE: ADMITTED.**

10. Said policy was in full force and in effect at the time of this incident.

**RESPONSE: ADMITTED.**

11. Said policy provided uninsured/underinsured motorist coverage in the amount of $250,000/$500,000 and is non-stacked (a copy of the declarations sheet is attached hereto as

[2] State Farm is in the process of removing the case to federal court. As such, the proper jurisdiction will be with the Middle District of Florida based on diversity of jurisdiction.

Exhibit "A" The entire policy will be produced for the court during litigation, but was too cumbersome and lengthy to attach hereto.)

**RESPONSE: ADMITTED.**

12. The Plaintiff, GAIL CURIONE, has complied with all conditions precedent to entitle her to recover uninsured/underinsured motorist benefits or in the alternative, said conditions precedent have been waived.

**RESPONSE: DENIED – SPECIFICALLY AND WITHOUT LIMITATION, THE UNINSURED/UNDERINSURED MOTORIST ("UM/UIM") COVERAGE IS NOT IMPLICATED/TRIGGERED IN THIS INSTANCE BASED ON THE DETAILS OF THE ACCIDENT, THE NATURE OF THE INJURIES CLAIMED AND THE AVAILABLE SETOFFS.**

13. As a direct and proximate result of the foregoing negligence, Plaintiff, GAIL CURIONE, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The injury to the Plaintiff is permanent and the Plaintiff will continue to suffer the losses in the future.

**RESPONSE: DENIED.**

**COUNT II LOSS OF CONSORTIUM CLAIM BY PLAINTIFF, THOMAS M. CURIONE, AGAINST DEFENDANT**

14. Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 as if fully restated herein.

**RESPONSE: STATE FARM REALLEGES AND INCORPORATES BY REFERENCE ALL PRIOR RESPONSES.**

15. As a result of the incident referenced in Count I of this Complaint, Plaintiff, THOMAS N. CURIONE, incurred expenses of hospitalization, medical and nursing care and treatment for Plaintiff, GAIL CURIONE, and will incur the expenses in the future, and also lost the services and companionship of Plaintiff, GAIL CURIONE.

**RESPONSE: DENIED.**

**NOTE: TO THE EXTENT THAT ANY ALLEGATION HAS NOT RECEIVED A SPECIFIC RESPONSE, SUCH ALLEGATION IS DENIED.**

**AFFIRMATIVE DEFENSES**[3]

1. **COLLATERAL SOURCE/TORTFEASOR SETOFF**: STATE FARM is entitled to a setoff for any and all collateral source benefits available to THE CURIONES and for any recovery obtained from any third party including any alleged tortfeasors.

2. **FAILURE TO REACH THRESHOLD**: G. CURIONE has failed to reach the permanency threshold and THE CURIONES' claims are reduced or eliminated as a result thereof.

3. **PIP/MEDPAY SETOFF**: STATE FARM is entitled to a setoff of the amount of THE CURIONES' selected personal injury protection and any Medpay benefits.

4. **RESERVATION OF ALL OTHER AFFIRMATIVE DEFENSES**: STATE FARM reserves the right to assert all other affirmative defenses that become known through the course of discovery in this case.

**DEMAND FOR JURY TRIAL**

STATE FARM demands trial by jury of all issues triable as of right by jury.

WHEREFORE, STATE FARM prays that the Court enter Final Judgment against THE CURIONES and award STATE FARM such further relief as the Court may deem just and proper including, but not limited to, attorneys' fees to the extent recoverable under *Fla. Stat.* Sections 768.79, 45.061, *Fla. R. Civ. P.* 1.442, and such other statutes and rules as are applicable where any proposal for settlement is deemed unreasonably rejected by THE CURIONES.

[3] The Defendant is in the process of removing this action to Federal Court, as the United State's 11th Circuit Court of Appeal noted:

> As noted in *Somoano v. Ryder Systems, Inc.* "[t]he Federal Rules of Civil Procedure contemplate the filing of a responsive pleading prior to the removal of a case." 985 F.Supp. 1476, 1478 (S.D.Fla.1998) (noting that Fed. R.Civ.P.81(c) makes re-pleading unnecessary in removed actions). Florida requires a state court defendant to file responsive pleadings within 20 days after receipt of the complaint. Fla.R.Civ.P. 1.140(a)(1). Concurrently, a state court defendant has 30 days to seek removal of a state court action. 28 U.S.C. § 1446(b). This discrepancy in the time periods places a state court defendant in a quandary of either (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing. *Somoano,* 985 F.Supp. at 1478. This quandary should not be used to forestall a state court defendant who chooses to pursue the second option from swiftly seeking to remove his case to the federal court. Therefore "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this May 31, 2017, to: **JOEL J. FRICK, ESQ.**, 5626 Curry Ford Road, Ste. 100, Orlando, FL 32822 (pleadings@hoganfrick.com).

*/s/ Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
KKNIGHT@DSKLAWGROUP.COM
ELamb@dsklawgroup.com
**JASON BRESLIN**
Fla Bar No: 58264
JBRESLIN@DSKLAWGROUP.COM
LMedina@dsklawgroup.com
SMcAlister@dsklawgroup.com
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
Direct: (407) 992-3520 Asst: (407) 992-3537
Fax No: (407) 422-0970
Attorneys For STATE FARM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA
Case No: 2017-CA-002869-O
Judge Heather L. Higbee, Div. 35

**GAIL CURIONE** and **THOMAS N. CURIONE,**

Plaintiffs,

vs.

**STATE FARM MUTUAL AUTOMOBILE COMPANY,**

Defendant.

_______________________________________/

**DESIGNATION OF ELECTRONIC MAILING ADDRESS BY COUNSEL FOR DEFENDANT-STATE FARM**

Pursuant to *Fla. R. Jud. Admin. 2.516*, counsel for Defendant, **STATE FARM MUTUAL AUTOMOBILE COMPANY** ("STATE FARM"), designates the primary and secondary electronic mail address(es) for this matter as follows:

As to Thomas "Kevin" Knight:

Primary Electronic Mail Address: 1. KKnight@DSKLawGroup.com
Secondary Electronic Mail Address(es): 2. ELamb@DSKLawGroup.com

As to co-counsel Jason Breslin:

Primary Electronic Mail Address: 1. JBreslin@DSKLawGroup.com
Secondary Electronic Mail Address(es): 2. LMedina@DSKLawGroup.com
3. SMcAlister@DSKLawGroup.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this May 31, 2017, to: **JOEL J. FRICK, ESQ.**, 5626 Curry Ford Road, Ste. 100, Orlando, FL 32822 (pleadings@hoganfrick.com).

*/s/ Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
KKNIGHT@DSKLAWGROUP.COM
ELamb@dsklawgroup.com

**JASON BRESLIN**
Fla Bar No: 58264
JBRESLIN@DSKLAWGROUP.COM
LMedina@dsklawgroup.com
SMcAlister@dsklawgroup.com
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
Direct: (407) 992-3520 Asst: (407) 992-3537
Fax No: (407) 422-0970
Attorneys For STATE FARM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA
Case No: 2017-CA-002869-O
Judge Heather L. Higbee, Div. 35

**GAIL CURIONE** and **THOMAS N. CURIONE,**

Plaintiffs,

vs.

**STATE FARM MUTUAL AUTOMOBILE COMPANY,**

Defendant.
_______________________________________/

## NOTICE OF APPEARANCE FOR DEFENDANT-STATE FARM

Undersigned counsel files this Notice of Appearance for Defendant, **STATE FARM MUTUAL AUTOMOBILE COMPANY** ("STATE FARM"), and requests that all future pleadings and communications be sent to the undersigned.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this May 31, 2017, to: **JOEL J. FRICK, ESQ.**, 5626 Curry Ford Road, Ste. 100, Orlando, FL 32822 (pleadings@hoganfrick.com).

*/s/ Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
KKNIGHT@DSKLAWGROUP.COM
ELamb@dsklawgroup.com
**JASON BRESLIN**
Fla Bar No: 58264
JBRESLIN@DSKLAWGROUP.COM
LMedina@dsklawgroup.com
SMcAlister@dsklawgroup.com
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
Direct: (407) 992-3520 Asst: (407) 992-3537
Fax No: (407) 422-0970
Attorneys For STATE FARM